ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| BDO PUERTO RICO, PSC<br><br>Parte Apelante<br><br><br>v.<br><br><br>CHUBB INSURANCE COMPANY OF PUERTO RICO<br><br>Parte Apelada | KLAN202500078 | *Apelación,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2020CV03316<br><br>Sala: 602<br><br>Sobre:<br>Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Aldebol Mora y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de marzo de 2025.

Compareció ante este Tribunal la parte apelante, BDO Puerto Rico, PSC (en adelante, "BDO" o "Apelante"), mediante recurso de apelación presentado el 3 de febrero de 2025. Nos solicitó la revocación de la *Sentencia Final Rcp 39.1 (b)* (en adelante, "Sentencia") emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI"), el 3 de enero de 2025. Mediante el referido dictamen, el TPI decretó el desistimiento y archivo sin perjuicio del caso, sujeto al pago de $15,000.00 por concepto de honorarios de abogado, más las costas del litigio.

Por los fundamentos que expondremos a continuación, se *confirma* la *Sentencia* apelada.

**I.**

El caso ante nuestra consideración tuvo su génesis el 24 de junio de 2020, con la presentación de una "**Demanda**" que posteriormente fue enmendada el 16 de octubre del mismo año, por parte de BDO en contra de Chubb Insurance Company of Puerto Rico (en adelante, "Chubb" o "Apelado"), sobre sentencia declaratoria e incumplimiento de contrato. Mediante la misma, el Apelante alegó que Chubb le vendió cierta póliza de seguros con una cubierta con un máximo de hasta cinco millones de dólares

($5,000,000.00) por reclamación, más cinco millones de dólares ($5,000,000.00) adicionales por concepto de responsabilidad agregada. Expresó que inicialmente dicha póliza de seguro cubría el periodo comprendido entre el 30 de junio de 2018 al 30 de junio de 2019, pero que, posteriormente decidió extenderla hasta el 30 de agosto de 2021.

Asimismo, destacó que la referida póliza tenía un efecto retroactivo al 31 de junio de 2000. Manifestó BDO que en el año 2019 el Gobierno de los Estados Unidos comenzó a investigarlo respecto a ciertos contratos profesionales pactados con el Gobierno de Puerto Rico, por lo que tuvieron que contratar los servicios legales de Meléndez Torres Law, PSC y de McDermott, Will y Emery LLP. Afirmó que Chubb estaba obligado bajo la póliza de seguro a cubrir todos los gastos que incurrió en la preparación de su defensa. Señaló que, a pesar de dicha responsabilidad, el Apelado se negó a cumplir con las disposiciones del contrato. En vista de lo anterior, le peticionó al TPI que dictara sentencia declaratoria disponiendo que Chubb tenía que satisfacer todos los gastos, costas, honorarios de abogado y *claim expenses* que BDO había incurrido en su defensa y que ordenara el pago de los mismos.

Posteriormente, Chubb presentó su "**Contestación a Demanda Enmendada**", a través de la cual negó la mayoría de las alegaciones expuestas en su contra y aclaró que la cubierta de seguro requería que existiera un reclamo en contra del asegurado por motivo de un acto ilícito al brindar o dejar de brindar un servicio profesional. Así pues, argumentó que una investigación federal no podía ser considerada un reclamo para propósitos de la póliza, ya que no constituía un procedimiento en contra del asegurado. Además, expresó que, aún si lo fuera, de las citaciones no se desprendía que los recipientes de dichas citaciones fueron objeto de una pesquisa por un gran jurado.

Luego de múltiples trámites procesales impertinentes a la controversia ante nos, el 22 de noviembre de 2024, BDO presentó una "**Moción de Desistimiento Voluntario y sin Perjuicio de la Demanda Enmendada**

**(Archivo Núm. 12)"** (en adelante, "Moción de Desistimiento") mediante la cual le solicitó al foro apelado el desistimiento de la "**Demanda Enmendada**" y que emitiera una sentencia al amparo de la Regla 39.1 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1, sin imponer el pago de costas, gastos ni honorarios de abogados.

En reacción a ello, el 3 de diciembre de 2024, Chubb presentó una "**Oposición a Solicitud de Desistimiento Voluntario y sin Perjuicio**" (en adelante, "Oposición") en la que aseveró que el tracto procesal del presente caso había sido extenso y complicado, por lo que alegó que decretar el desistimiento de la "**Demanda Enmendada**" sin perjuicio contravenía el interés de la justicia y le ocasionaría un grave perjuicio. Por consiguiente, le solicitó al TPI que el desistimiento fuera con perjuicio y estuviera condicionado al pago de gastos y honorarios de abogado. Fundamentó su solicitud en el extenso tracto procesal del pleito, incluyendo dos (2) procesos apelativos ante este foro y el Tribunal Supremo, así como en la etapa avanzada en que se encontraba el caso.

Luego de que el foro apelado emitiera una *Orden* mediante la cual le requirió a BDO mostrar causa por la cual no se debía decretar el desistimiento de la "**Demanda Enmendada**" con perjuicio, el Apelante presentó "**Moción en Cumplimiento de Orden (Archivo Núm. 98)**". A través de dicha comparecencia, BDO argumentó que el desistimiento debía ser sin perjuicio, toda vez que –entre otras cosas– Chubb estaría expuesto a una (1) sola de las tres (3) reclamaciones que inicialmente incoó en un pleito futuro. **En la alternativa, sostuvo que, si el TPI entendía que procedía condicionar el desistimiento voluntario sin perjuicio, BDO estaría dispuesto a satisfacer a favor de Chubb una suma razonable de gastos y honorarios de abogado, a pesar de que entendía que no había mediado temeridad, obstinación o contumacia de su parte**.

Finalmente, el 3 de enero de 2025, el TPI emitió la *Sentencia* mediante la cual decretó el desistimiento y archivo sin perjuicio del presente caso condicionado al pago de $15,000.00, por concepto de honorarios de abogado

más las costas del litigio. Expuso el foro *a quo* que, aunque la "**Demanda Enmendada**" había sido desestimada en parte, la sentencia de desistimiento sin perjuicio que solicitó BDO exponía al Apelado a un litigio ulterior y a una contingencia en sus libros de hasta $500,000.00. Inconforme con lo anteriormente resuelto, el Apelante acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló el siguiente error:

> ERRÓ EL TPI AL ARBITRARIAMENTE CONDICIONAR EL DESISTIMIENTO VOLUNTARIO SIN PERJUICIO DE BDO AL PAGO DE $15,000.00 POR CONCEPTO DE HONORARIOS DE ABOGADO MÁS COSTAS

El 6 de marzo de 2025, Chubb presentó su "**Alegato de la Parte Apelada**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### A.

Las Reglas de Procedimiento Civil de Puerto Rico fueron adoptadas con el fin ulterior de regular los procedimientos de naturaleza civil ante el Tribunal General de Justicia para garantizar su solución de forma justa, rápida y económica. 32 LPRA Ap. V, R. 1. Para cumplir con este propósito, les conceden la oportunidad a las partes promoventes de un litigio de disponer de las acciones que presentan ante los tribunales de Puerto Rico. En específico, la Regla 39.1 de dicho cuerpo reglamentario establece lo siguiente:

> (a) *Por el demandante; por estipulación.*—Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:
>
> (1) Mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o
>
> (2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito. A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier

estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.

(b) *Por orden del tribunal.* —A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá al demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio. 32 LPRA Ap. V, R. 39.1.

En lo aquí pertinente, el antes reseñado inciso (b) atiende aquellas instancias en las que: (1) la parte demandada ha contestado la demanda o ha presentado una moción de sentencia sumaria, o (2) cuando no se ha conseguido una estipulación suscrita por todas las partes que han comparecido al pleito. Pramco CV6, LLC v. Delgado Cruz y Otros, 184 DPR 453, 460 (2012). En este contexto, será necesario que el demandante presente una moción al tribunal notificándole su intención de renunciar a la continuación de su reclamo. Íd., págs. 460-461. En dicho caso, el tribunal posee la discreción para imponer las condiciones que estime adecuadas, incluyendo que el desistimiento sea con perjuicio, lo que impediría que el demandante pueda presentar de nuevo su reclamo. Íd., pág. 461. También, el desistimiento puede supeditarse al pago de gastos y honorarios de abogados. Íd. Finalmente, la implementación de estas medidas protege tanto los intereses del sistema judicial, como los derechos de todas las partes involucradas en el caso.

**B**.

En nuestro ordenamiento, la imposición de honorarios de abogado procede en derecho cuando una parte ha actuado con temeridad o frivolidad. Torres Vélez v. Soto Hernández, 189 DPR 972, 993 (2013) (citando a Santiago v. Sup. Grande, 166 DPR 796, 820 (2006)). Cónsono con esta norma, la Regla 44.1 (d) de Procedimiento Civil establece, en lo pertinente, que "[e]n caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta…". 32 LPRA Ap. V, R. 44.1.

A pesar de que la citada Regla no define en qué consiste una conducta temeraria, la jurisprudencia la ha descrito como "aquellas actuaciones de un litigante que lleven a un pleito que pudo evitarse, que provoquen la prolongación indebida del trámite judicial o que obliguen a la otra parte a incurrir en gastos innecesarios para hacer valer sus derechos". SGL González-Figueroa v. SLG *et al.*, 209 DPR 138, 148 (2022). Así, la penalidad que se impone por conducta temeraria tiene como fin "disuadir la litigación frívola y fomentar las transacciones mediante sanciones que compensen a la parte victoriosa los perjuicios económicos y las molestias producto de la temeridad de la otra parte". Marrero Rosado v. Marrero Rosado, 178 DPR 476, 505 (2010).

También se ha indicado que el propósito de la imposición de honorarios es penalizar a la parte que por su "terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconvenientes de un pleito". C.O.P.R. v. S.P.U., 181 DPR 299, 342 (2011)[1]; Torres Vélez v. Soto Hernández, *supra*. Es decir, que es temerario quien torna necesario un pleito frívolo o provoca su indebida prolongación, obligando a la otra a incurrir en gastos innecesarios. Colón Santos v. Coop. Seg. Mult. P.R., 173 DPR 170, 188 (2008); P.R. Oil v. Dayco, 164 DPR 486, 511 (2005); Domínguez v. GA Life, 157 DPR 690, 706 (2002).

La determinación sobre si procede la imposición de honorarios de abogado descansa en la sana discreción del juzgador. SGL González-Figueroa v. SLG *et al.*, *supra*, pág. 151.[2] Determinada la existencia de temeridad, el tribunal deberá tomar en cuenta una serie de factores para poder calcular la cantidad que concederá, a saber: "(1) el grado de temeridad; (2) el trabajo realizado; (3) la duración y naturaleza del litigio; (4) la cuantía involucrada, y (5) el nivel profesional de los abogados". C.O.P.R. v. S.P.U., *supra*, pág. 342. La cantidad concedida en honorarios de abogado al amparo

---

[1] Citando a S.L.G. Flores-Jiménez v. Colberg, 173 DPR 843, 866 (2008).
[2] *Véase además*, C.O.P.R. v. S.P.U., *supra*; P.R. Oil v. Dayco, *supra*, pág. 511; Torres Vélez v. Soto Hernández, *supra*.

de la Regla 44.1 de Procedimiento Civil, *supra*, no necesariamente tiene que ser equivalente al valor de los servicios legales prestados, sino a "aquella suma que en consideración al grado de temeridad y demás circunstancias el tribunal concluye que representa razonablemente el valor de esos servicios". Santos Bermúdez v. Texaco P.R., Inc., 123 DPR 351, 357 (1989).

**III.**

En el presente caso, el Apelante nos solicita la revocación de la *Sentencia* del TPI en la que decretó el desistimiento y archivo sin perjuicio del caso, sujeto al pago de $15,000.00 por concepto de honorarios de abogado. Como único señalamiento de error, BDO sostiene que el TPI abusó de su poder al imponerle condiciones a dicho desistimiento. En cambio, Chubb argumenta que el Apelante no nos puso en posición de revocar el dictamen apelado ni, en la alternativa, de modificar la cuantía otorgada por el foro apelado en la *Sentencia*. Veamos.

Surge del expediente ante nuestra consideración que el 16 de octubre de 2020, BDO presentó una "**Demanda Enmendada**" en contra de Chubb sobre sentencia declaratoria e incumplimiento de contrato. Cuatro (4) años más tarde, presentó una *Moción de Desistimiento* en la que le solicitó al foro de instancia que dictara sentencia, al amparo de la Regla 39.1 (b) de Procedimiento Civil, *supra*, decretando el archivo del caso sin perjuicio y sin imponer el pago de costas, gastos ni honorarios de abogados. Oportunamente, el 3 de diciembre de 2024, el Apelado presentó la correspondiente *Oposición* argumentando que el desistimiento sin perjuicio le generaría un grave daño, por lo que debía concederse con perjuicio y condicionarse al pago de los gastos y honorarios de abogado incurridos. En reacción a una orden de mostrar causa emitida por el TPI para que se expusieran las razones por las cuales no debía decretarse el archivo del pleito con perjuicio, **BDO propuso, entre otras cosas, que el desistimiento fuera sin perjuicio y condicionado al pago de honorarios de abogado, a pesar de que sostuvo que no había mediado temeridad ni frivolidad**. Tras evaluar los planteamientos de ambas partes, el TPI emitió la *Sentencia* en la

que dispuso el desistimiento y el archivo del caso sin perjuicio, sujeto al pago de $15,000.00 por concepto de honorarios de abogado.

Conforme hemos reseñado en los acápites anteriores, la Regla 39.1 de las de Procedimiento Civil, *supra*, les permite a los demandantes disponer de las acciones que han presentado ante los tribunales de Puerto Rico. 32 LPRA Ap. V, R. 39.1. Cuando la parte demandada ha presentado alegación responsiva o ha interpuesto una moción de sentencia sumaria antes de la presentación de la moción de desistimiento, el desistimiento del caso solo podrá efectuarse mediante orden del tribunal y bajo los términos y condiciones que éste estime procedentes, incluyendo la imposición de honorarios de abogado. De otra parte, se ha resuelto que la imposición de honorarios de abogado se justifica cuando una parte insta un pleito que pudo evitarse, provoca la prolongación indebida del trámite judicial o causa que la otra parte incurra en gastos innecesarios. SGL González-Figueroa v. SLG *et al.*, *supra*, pág. 148. Asimismo, sabido es que la imposición de honorarios de abogado descansa en la entera discreción del Tribunal de Primera Instancia.

Sobre este particular, el Apelante sostiene que la suma de $15,000.00 de honorarios de abogado es una excesiva e irrazonable, toda vez que el caso de autos no involucró un litigio extenso, no se realizó un descubrimiento de prueba y solo se presentaron mociones de sentencia sumaria.

Tras la evaluación detallada del expediente ante nuestra revisión, encontramos que el foro *a quo* no incidió ni se desprende del expediente ante nos que haya actuado de forma arbitraria, caprichosa o haya abusado de su discreción al establecer como condición para el desistimiento solicitado por BDO el pago de $15,000.00, en concepto de honorarios de abogado. A poco que examinemos los autos electrónicos del TPI, es evidente que el presente caso ha permanecido en litigio por un periodo extenso, transcurriendo más de cuatro (4) años desde su inicio en el año 2020. Durante este tiempo, ha sido elevado ante este Tribunal de Apelaciones en dos (2) ocasiones, así como ante el Tribunal Supremo de Puerto Rico. Igualmente, ha sido sujeto de una moción dispositiva, su correspondiente oposición, una réplica y una dúplica.

Además, es fundamental tener en cuenta que el proceso de descubrimiento de prueba concluyó el 22 de noviembre de 2024, esto es, la solicitud de desistimiento no se presentó sino hasta el mismo día en que el foro apelado determinó que se daría por culminado dicho proceso de descubrimiento de prueba y estaba señalada la *Conferencia con Antelación al Juicio*.

Lo anterior demuestra que el litigio que nos ocupa se caracterizó por ser uno extenso que se litigó incisivamente y en el que Chubb se vio en la necesidad de defenderse constantemente para que finalmente BDO desistiera de las causas de acción incoadas en su contra. **Ahora bien, aun si hiciéramos abstracción de dicha realidad, lo cierto es que fue el propio Apelante quien sugirió que el desistimiento fuera sin perjuicio, sujeto a que este último fuera condicionado al pago de honorarios de abogado. Es decir, fue BDO quien le ofreció dicha alternativa al TPI para disponer de la controversia sobre si el desistimiento debía ser con o sin perjuicio**. Por tanto, entendemos que ahora el Apelante está imposibilitado de cuestionar la propia imposición de honorarios de abogado que el mismo sugirió como opción para que el foro de instancia concediera su petición de desistimiento.

Superado lo anterior, y al sopesar factores tales como (1) el trabajo realizado; (2) la duración y naturaleza del litigio; (3) la cuantía involucrada, concluimos que el TPI no abusó de su discreción al imponer la cuantía de $15,000.00 en concepto de honorarios de abogado. Sostenemos que la cantidad concedida se ajustó a las circunstancias particulares del caso y a los eventos procesales que desembocaron en la solicitud de desistimiento por parte BDO.

Es decir, es justificable que el foro de instancia hubiera condicionado el desistimiento al pago de honorarios de abogados, ya que, de lo contrario, se vulneraría el derecho del Apelado a recuperar los gastos en los que incurrió a lo largo de los pasados cuatro (4) años, incluyendo su oposición a una moción de sentencia sumaria presentada por BDO y la correspondiente dúplica, así como la comparecencia en dos (2) ocasiones ante este Tribunal

de Apelaciones y ante el Tribunal Supremo. Además, permitir un desistimiento sin condiciones en este tipo de contextos, podría incentivar el uso de tácticas que entorpezcan el curso ordinario de los litigios, afectando así la sana administración de la justicia.

A nuestro juicio, el análisis de cada una de las anteriores incidencias ocurridas ante el TPI, son demostrativas de que el proceso se extendió de manera innecesaria, impactando la economía procesal y el derecho de las partes a obtener una solución justa y rápida. Así pues, a la luz de las circunstancias particulares del caso, entendemos que el foro *a quo* no se extralimitó en sus facultades discrecionales al condicionar el desistimiento al pago de los $15,000.00 por concepto de honorarios de abogado, más las costas del litigio. Colegimos, igualmente, que el Apelante no nos puso en posición de variar la *Sentencia* que nos ocupa. Por consiguiente, procede sostener el dictamen apelado.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, se *confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones